IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NANCY GAUZZA, MELISSA MCCLOSKEY,**<br>           **Plaintiffs,**<br><br>           v.<br><br>**PROSPECT MEDICAL HOLDINGS, INC., DELAWARE COUNTY MEMORIAL HOSPITAL**<br>           **Defendants.** | CIVIL ACTION<br><br><br><br>NO.  17-3599 |

## MEMORANDUM OPINION

In this putative collective and class action, Plaintiffs Nancy Gauzza and Melissa McCloskey contend that Defendants Prospect Medical Holdings and Delaware County Memorial Hospital ("DCMH") violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*., and the Pennsylvania Minimum Wage Act, 43 Pa. C.S.A. §§ 333.101 *et seq*., by failing to adequately pay certain employees for interrupted meal breaks.  Pending now is Plaintiffs' motion to conditionally certify the case as a collective action under 29 U.S.C. § 216(b) and to authorize the dissemination of a Notice to members of a putative collective consisting of "all persons who worked as a full-time hourly employee with hands-on patient care responsibilities at a Prospect hospital in Connecticut, New Jersey, Pennsylvania, or Texas in any workweek during the past three years."  Defendants contend that the collective action should not be conditionally certified, and that if it is, the Notice is deficient.  For the reasons that follow, Plaintiffs' motion will be granted in part and denied in part.

Defendant Prospect operates twenty hospitals in several states, one of which is Defendant DCMH.  Plaintiff Gauzza has worked as a Registered Nurse at DCMH for 34 years. Plaintiff McCloskey has worked as a CAT Scan Technician at DCMH for 16 years.  They claim that

Defendants did not compensate them and other similarly-situated caregivers for interrupted meal breaks, thereby depriving them of overtime premiums.  More specifically, they allege that putative members of the collective action were promised one unpaid 30-minute break per shift, that Defendants automatically deducted pay for that 30-minute break (known as an "auto-deduct" policy), and that Defendants did not maintain policies for employees to prevent or reverse that automatic pay deduction when breaks were interrupted by work duties.

Collective actions are authorized under the FLSA, which provides that "an action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b); *see also Halle v. W. Penn Allegheny Health Sys., Inc.*, 842 F.3d 215, 222 n.5 (3d Cir. 2016).  Certification of a collective action entails a two-step process.  The first step—and the only step at issue here—is "conditional certification."  The "sole consequence of conditional certification is the dissemination of court-approved notice to potential collective action members." *Id.* at 224.  For that reason, conditional certification "is not really certification" at all, but rather "the district court's exercise of its discretionary power, upheld in *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989), to facilitate the sending of notice to potential class members." *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 536 (3d Cir. 2012).  Further down the road, the second step—known as "final certification"—would require Plaintiffs to show that any plaintiffs who opt into the collective are indeed "similarly situated" for purposes for the FLSA.  *Halle*, 842 F.3d at 226.[1]

The question here is whether Plaintiffs can, "make a 'modest factual showing'—

---

[1] Defendants point to *Symcyzk v. Genesis HealthCare Corp.*, 656 F.3d 189 (3d Cir. 2011), for the proposition that the "two-step approach" is "nowhere mandated," and therefore that this Court is empowered to reject it.  They fail, however, to quote the second half of the sentence they rely on in *Symczyk*, which explains that the two-step test "appears to have garnered wide acceptance," *id.*, and they also do not cite the Third Circuit's subsequent decision that explicitly "affirm[s] its use," *Zavala*, 691 F.3d at 536.  *See also Halle*, 842 F.3d at 224 n.7 (noting that *Zavala* "rejected" the minority rule, which focuses on the traditional Rule 23 factors instead of the two-step approach).

something beyond mere speculation[,]" *id*. at 224 (quoting *Zavala*, 691 F.3d at 536 n.4), that demonstrates "a factual nexus between the manner in which the employer's alleged policy affected him or her and the manner in which it affected the proposed collective action members." *Id.* (quoting same).  While Plaintiffs must supply "something beyond mere speculation[,]" *id.*, sister courts within this Circuit have characterized the conditional certification inquiry as "extremely lenient," *Waltz v. Aveda Transp. & Energy Servs. Inc.*, 2016 WL 7440267, at \*2 (M.D. Pa. Dec. 27, 2016), "routinely granted," *Verma v. 3001 Castor, Inc.*, 2014 WL 2957453, at \*12 (E.D. Pa. June 30, 2014), and not an appropriate setting to "weigh the evidence, resolve factual disputes, or reach the merits of [Plaintiffs'] claims," *Neal v. Air Drilling Assocs., Inc.*, 2015 WL 225432, at \*3 (M.D. Pa. Jan. 16, 2015).  *Cf Reed v. Empire Auto Parts, Inc*., 2015 WL 761894, at \*4 (D.N.J. Feb 23, 2015) (finding that inquiry should be whether "the claims of the putative class can be proven through common evidence, versus individualized testimony."). Whether to grant or deny conditional certification is "committed to the Court's 'broad discretion,'" *Symczyk*, 656 F.3d at 193 n.5 ("nothing requires the Court to grant conditional certification liberally, or stingily, or anywhere between).[2]

Plaintiffs argue they have met this burden because they have introduced "evidence demonstrating that the collective members were subject to materially-identical policies, practices and procedures that did not track time or pay wages for interrupted meal breaks."  They supply their own declarations, as well as to various policies that apply to each of the hospitals which, they contend, "offer[] proof beyond mere speculation" that Defendants have policies for the putative collective members providing for one unpaid 30-minute break per shift, for those employees to prioritize patient care duties over their ability to take a full meal break, and for

---

2 The Third Circuit's precedent thus runs counter to Defendants recommendation that an "intermediate" standard of review be employed as it has been by one court in North Carolina.  *See Blaney v. Charlotte-Mecklenburg Hosp. Auth.*, 2011 WL 4351631, at \*5 (W.D.N.C. Sept. 16, 2011).

3

employees to claim pay when they miss a break altogether—and that there appears to be no formal policy through which employees who experience an interrupted meal break can claim pay. Moreover, through their declarations, Plaintiffs maintain that this lack of policy has resulted, at least at DCMH, in caregivers being deprived required overtime compensation. This evidence provides the "modest factual showing" required of a plaintiff at the conditional certification stage. Defendants suggest that if the Court were to weigh the evidence, resolve factual disputes, or reach the merits of Plaintiffs' claims" it would reach a contrary result.[3] But that is not the task of the Court at this stage of the proceedings.

Defendants' argument that conditional certification should be denied because Plaintiffs have not yet secured any additional members of the collective action puts the cart before the horse. The "purpose" of conditional certification is to "facilitate[e] notice to potential opt-in plaintiffs and conduct[] pre-trial discovery." *Camesi v. University of Pittsburgh*, 729 F.3d 239, 243 (3d Cir. 2013). Requiring Plaintiffs to secure those opt-in plaintiffs' participation before notice is issued would entirely defeat the purpose of the conditional certification process by requiring putative members to opt in without having received notice.

Defendants also argue that because some employees who fall within the described collective group may have signed arbitration agreements as a condition of their employment and others may not have, *see Gauzza v. Prospect Med. Holdings, Inc.*, 2018 WL 4853294 (E.D. Pa.

---

[3] Specifically, Defendants present a declaration from a nurse at DCMH who says she was compensated for interrupted breaks, declarations from supervisors at DCMH saying that policies existed at that hospital for compensating employees for interrupted meal breaks and that those policies were followed, and declarations from various supervisors working in Defendant Prospect's hospitals stating that certain hospitals were not automatically deducting pay for meal breaks at various relevant times. They assert that this evidence shows that Plaintiffs "never had a good-faith basis for their assertion that Prospect automatically deducted thirty . . . minutes a day from other caregivers' meal breaks . . . or that Prospect . . . afforded caregivers no way to reverse the deductions," that it is "un-contradicted" that DCMH compensated its employees appropriately, and that the alleged violations could not have occurred in certain hospitals where Defendants claim "auto-deduct" policies were not used. While this evidence will likely be relevant at later stages of the proceedings, it is not à propos here and now.

Oct. 4, 2018), it would be inefficient for this case to proceed as a collective action given the need to determine which agreements are enforceable and which are not. Even if, however, it turns out that employees who receive a notice have signed enforceable arbitration agreements, this is not the appropriate stage in the litigation to decide whether to excise those potential members from the collective action. Whether an employee has signed an arbitration agreement does not speak to the dispositive legal question at the conditional certification stage: whether the putative members have claims with a factual nexus to Plaintiffs' claims. Accordingly, for the reasons stated above, Plaintiffs' motion to conditionally certify the class shall be granted.

Plaintiffs submit for approval a proposed notice to be mailed to all potential members of the collective action. With one minor tweak, the proposed notice is accurate and informative. *See Hoffmann-La Roche*, 493 U.S. at 172 (proposed notice must be "timely, accurate, and informative."). Specifically, the notice suggests that putative collective members can only pursue their claims through this collective action and through Plaintiffs' counsel. Putative members of the collective are not so restricted. *See Ramos v. Platt*, 2014 WL 3639194, at *5 (S.D.N.Y. July 23, 2014) ("The Notice states that 'if you choose to join this case by filing a Plaintiff Consent Form, you will be agreeing to representation by Plaintiff's Counsel.' Plaintiff's counsel cannot bind potential opt-in plaintiffs in this way[.]"). Thus, Plaintiffs must amend the notice to state that potential opt-ins have the right to retain their own counsel. Following the line on the second page that reads "However, if this lawsuit recovers money for the Class, you will not receive a payment[,]" Plaintiffs will add an additional sentence that states: "Regardless of the outcome of this lawsuit, if you do not join, you are free to seek an attorney to represent you on any claims that may or may not be related to those resolved in this lawsuit."

In conclusion, the collective action will be conditionally certified, and the proposed Notice will be approved subject to the single modification noted above.

An appropriate order follows.

                **BY THE COURT:**

                **/s/Wendy Beetlestone, J.**

                _____
                **WENDY BEETLESTONE, J.**

**October 26, 2018**