## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NANCY GAUZZA and MELISSA
McCLOSKEY for themselves and all others
similarly situated,

            Plaintiff,

    v.

PROSPECT MEDICAL HOLDINGS, INC.
and DELAWARE COUNTY MEMORIAL
HOSPITAL,

            Defendants.

Case No. 2:17-cv-03599-WB

### JOINT STIPULATION OF SETTLEMENT AND RELEASE

This Joint Stipulation of Settlement and Release (the "Agreement") is entered into by and among Plaintiffs Nancy Gauzza ("Gauzza") and Melissa McCloskey ("McCloskey") individually and on behalf of the Class Members defined below, and Defendants Prospect Medical Holdings, Inc. and Delaware County Memorial Hospital, LLC and their respective past and present affiliates and related entities, parent and subsidiary corporations (specifically including, but not limited to, Prospect Crozer LLC, Prospect CCMC, LLC, Prospect DCMH, LLC, Prospect ECHN, LLC, Prospect Rockville Hospital, Inc., Prospect Manchester Hospital, Inc., Prospect Waterbury, Inc., Prospect EOGH, Inc., and Nix Hospitals System, LLC), divisions, predecessors, successors, and assigns, and each of its or their past and present officers, directors, trustees, fiduciaries, insurers, owners, investors, attorneys, administrators, employees, agents, representatives and shareholders in their individual and official capacities (collectively, "Prospect" or "Defendants"). Together, Plaintiffs and Defendants are referred to as the "Parties."

### RECITALS

**WHEREAS**, on August 10, 2017, Gauzza and McCloskey filed a proposed Class and Collective Action Complaint on behalf of themselves and similarly situated individuals in a case captioned *Nancy Gauzza et al. v. Prospect Medical Holdings, Inc.*, Case No. 2:17-cv-03599-WB in the United States District Court for the Eastern District of Pennsylvania, alleging, among other things, violations of the Fair Labor Standards Act of 1938 ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA") for the alleged failure to pay unpaid wages and overtime compensation with respect to meal breaks (the "Litigation");

**WHEREAS**, a total of 593 individuals submitted Consent to Become Party Plaintiff forms in the Litigation, inclusive of Gauzza and McCloskey;

**WHEREAS**, Prospect denies all of the allegations in the Litigation and denies that it is liable or owes damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation;

**WHEREAS**, on June 25, 2020, the Parties and their counsel participated in a private mediation before the Honorable Morton Denlow (Ret.) and reached an agreement resolving the Litigation;

**WHEREAS**, without admitting or conceding any liability or damages whatsoever, Prospect has agreed to settle the Litigation to avoid the burden, expense, and uncertainty of continuing the Litigation;

**WHEREAS**, Class Counsel (as defined below) analyzed and evaluated the merits of the claims made against Prospect in the Litigation, conducted interviews with putative class and collective members, obtained and reviewed documents relating to Prospect's compensation policies, and analyzed extensive payroll and other data for all 593 individuals who submitted Consent to Become Party Plaintiff forms in the Litigation, and based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery or might result in a recovery less favorable, and that any recovery would not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of Plaintiffs;

**WHEREAS**, it is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims that have been brought in the pending Litigation or that reasonably arise out of the facts alleged in the pending action which exist between them;

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for in this Agreement, the Parties agree to a full and complete settlement of the Litigation on the following terms and conditions:

1.    **DEFINITIONS**

Unless otherwise noted in this Agreement, the terms set forth in this Agreement shall have the meanings ascribed to them below.

1.1    **Acceptance Period** means the one hundred and twenty (120) day period that each Class Member has to sign and cash a Settlement Check, beginning with the date the Administrator mails the Settlement Check to a Class Member.

1.2    **Action** means the above-captioned lawsuit or Litigation.

1.3    **Administrator** means CPT Group, Inc.

1.4    **Agreement** means this Joint Stipulation of Settlement and Release.

1.5    **Approval Order** means the Order entered by the Court finally approving the Parties' proposed settlement.

1.6    **Class Counsel or Plaintiffs' Counsel** means Stephan Zouras LLP.

1.7    **Class Members** means the 593 current and former full-time hourly employees with hands-on patient care responsibilities identified on the spreadsheet attached as <u>Exhibit A</u> to this Agreement.

1.8    **Court** means the United States District Court for the Eastern District of Pennsylvania.

1.9    **Days** means calendar days unless otherwise stated or modified by the word "business."

1.10    **Defendants' Counsel** means Baker & Hostetler LLP.

1.11    **Effective Date.** The "Effective Date" of the Agreement shall mean the last of the following dates:

1.11.1 If there is no appeal of the Court's Order Granting Approval of the Settlement, the day after the time to file an appeal has expired; or

1.11.2 If there is an appeal of the Court's Order Granting Approval of the Settlement, the day after all appeals are resolved in favor of final approval.

1.12    **Gross Settlement Amount** means $1,900,000.00, which is the maximum aggregate amount Prospect has agreed to pay pursuant to this Agreement to fully resolve this Action and includes all amounts to be paid to the Class Members, all attorneys' fees and costs, all settlement administration costs and all Service Awards. Other than its share of payroll taxes (*i.e.*, the employer's share of taxes owed under the Federal Insurance Contributions Act, the Federal Unemployment Tax Act and any employer contribution owed for Pennsylvania State Unemployment Insurance), to be calculated by the Administrator, Prospect will not be required to pay any more than the gross total of $1,900,000.00 under this Agreement.

1.13    **Named Plaintiffs** means Nancy Gauzza and Melissa McCloskey.

1.14    **Net Settlement Fund** means the remainder of the Gross Settlement Amount after deductions for: (1) Court-approved Administrator's fees and expenses; (2) Court-approved attorneys' fees and costs; and (3) Court-approved Service Awards to the Named Plaintiffs.

1.15    **Parties** means the Named Plaintiffs, the Class Members, and Prospect, collectively.

1.16    **Plaintiffs** means the Named Plaintiffs and the Class Members, collectively.

1.17    **Relevant Time Period** means August 10, 2014 through the date the Court approves the settlement in this Action.

1.18    **Releasees** means Prospect and its current and former affiliates, related entities, parent and subsidiary companies (specifically including, but not limited to, Prospect Medical Holdings, Inc., Prospect Crozer LLC, Prospect CCMC, LLC, Prospect DCMH, LLC, Prospect ECHN, LLC, Prospect Rockville Hospital, Inc., Prospect Manchester Hospital, Inc., Prospect Waterbury, Inc., Prospect EOGH, Inc., and Nix Hospitals System, LLC), divisions, predecessors,

successors, and assigns and each and all of their current and former officers, directors, members, managers, partners, owners, shareholders, investors, agents, attorneys, employees, fiduciaries, predecessors, successors, assigns, and representatives, in their individual or representative capacities.

1.19     **Settlement Checks** means the checks issued to Class Members from the Net Settlement Fund by the Administrator (as calculated by the Administrator or its agent in accordance with this Agreement) for their share of the Net Settlement Fund.

1.20     **Settlement Notice** means the documents to be approved by the Court that will advise all Class Members of the binding nature of the release and that by signing and cashing a Settlement Check they are bound by the release provisions in this Agreement.

## 2.     SUBMISSION AND APPROVAL OF SETTLEMENT AND DISTRIBUTION OF PAYMENTS

2.1     **Binding Agreement.**  This Agreement is a binding agreement and contains all material agreed-upon terms for the Parties to seek a full and final settlement of the Litigation.

2.2     **Retention and Duties of Administrator**. Within five (5) days after the execution of this Agreement, Plaintiffs' Counsel, in consultation with Defendants' Counsel, shall engage an Administrator to administer the settlement. The Administrator shall be responsible for the following:

2.2.1     Preparing, printing, and disseminating Settlement Notices to Class Members and any other required notices, such as a notice pursuant to the Class Action Fairness Act, if applicable;

2.2.2     Setting up the Net Settlement Fund to distribute all Settlement Checks to Class Members, and payments to Plaintiffs' Counsel, the Administrator, and Service Awards to Plaintiffs;

2.2.3     Calculating the amount of each Class Member's Settlement Check;

2.2.4     Calculating all appropriate taxes, including the employer-side payroll taxes, paying all appropriate taxes, preparing and mailing appropriate tax forms, and complying with all tax reporting obligations, including preparing and filing all applicable tax forms;

2.2.5     Issuing and mailing the Settlement Checks to Class Members, issuing and mailing the Service Awards to the Named Plaintiffs, issuing and mailing Plaintiffs' Counsel's fees;

2.2.6     Copying counsel for all Parties on material correspondence and promptly notifying all counsel for the Parties of any material requests or communications made by any Party;

2.2.7    Promptly furnishing to Class Counsel and Defendants' Counsel copies of any written or electronic communications from the Class Members which the Administrator receives;

2.2.8    Timely responding to all inquiries from Class Members regarding the settlement;

2.2.9    Referring to Plaintiffs' Counsel and Defendants' Counsel all inquiries from Class Members not within the Administrator's duties;

2.2.10   Promptly apprising Class Counsel and Defendants' Counsel of the activities of the Administrator;

2.2.11   Maintaining adequate records of its activities, including the dates of the mailing of Notices, returned mail and other oral, written, or electronic communications (including attempted communications) with Class Members;

2.2.12   Timely responding to inquiries and communications from Class Counsel and Defendants' Counsel;

2.2.13   Providing a weekly update to Class Counsel and Defendant's Counsel statistics on the number of individuals who have signed and cashed Settlement Checks each week;

2.2.14   Retaining and providing to Class Counsel and Defendant's Counsel a copy of the Settlement Checks signed and cashed by Class Members;

2.2.15   Confirming in writing to Plaintiffs' Counsel and Defendants' Counsel of its completion of the administration of the settlement;

2.2.16   Preparing declarations describing all duties performed and claims administration statistics; and

2.2.17   Such other tasks that the Parties mutually agree upon.

2.3      The Parties will have equal access to the Administrator throughout the claims administration period and agree to provide the Administrator with all information necessary to reasonably assist it to perform its duties.

2.4      **Approval of the Settlement.** The Parties will work together, diligently and in good faith, to expeditiously obtain an Order approving the settlement and, on or before August 24, 2020, Plaintiffs' Counsel will file an Unopposed Motion for Settlement Approval ("Approval Motion"), seeking dismissal of the Litigation with prejudice and seeking the Court's jurisdiction over the Action for the sole purpose of enforcing the Settlement.

2.5      Within seven (7) days after the Approval Order is entered, the Parties shall give the Administrator an Excel spreadsheet listing each Settlement Class Member's last known residential address and dates of employment during the Relevant Time Period.

2.6     The Administrator will prepare all necessary Settlement Notices and Settlement Checks and mail them by First Class United States mail, postage prepaid, to all Class Members As soon as practicable after the Effective Date of this Agreement.

2.7     Before mailing the Settlement Notice and Settlement Checks, the Administrator shall take all reasonable steps to obtain the correct address of Class Members as updated by the Administrator using the U.S. Postal Service's database of verifiable mailing addresses (the CASS database) and the National Change-of-Address database.   The Administrator shall also take all reasonable steps to obtain the correct address of Class Members for whom the Settlement Notice is returned by the United States Postal Service as undeliverable and shall make all reasonable attempts to ensure that the Settlement Notice and Settlement Check are successfully delivered. The Administrator will notify Class Counsel and Prospect's Counsel of any mailing sent to any Settlement Class Member that is returned as undeliverable.  Settlement Checks issued pursuant to this Agreement shall expire 120 days after they are issued.  After the Acceptance Period expires, the Administrator will issue a stop payment order on all uncashed or returned checks.  In the event a Settlement Class Member reports a lost or destroyed Settlement Check within the Acceptance Period, the Administrator shall issue a stop payment order on the original check and issue a new check.  To the extent any check is returned as undeliverable, that Settlement Class Member shall be permitted the greater of the balance of the remaining Acceptance Period or 30 days from any re-mailing of the Settlement Notice to sign and cash their Settlement Check.  The Administrator shall issue a stop-payment order on all returned checks.

2.8     Class Counsel and Prospect's Counsel have the right to make inquiries and receive any information from the Administrator related to the claims process.  The Administrator will periodically update Class Counsel and Prospect's Counsel regarding returned mailings for which it is unable to obtain corrected addresses.

**2.9     Retention/Filing of Copies of Settlement Checks**. The Administrator shall, on a weekly basis, compile and transmit to Prospect's Counsel and Class Counsel statistics on the number of individuals who have signed and cashed Settlement Checks.   At the end of the Acceptance Period, the Administrator shall provide copies of signed and cashed checks to Prospect's Counsel and Class Counsel.

**2.10     Effect of Court Failure to Approve Settlement**. If the Court denies the Motion for Approval, the Parties will jointly agree to seek reconsideration of the ruling or seek Court approval of a renegotiated settlement addressing the issues raised by the Court, provided that Prospect shall not be required to pay any additional sums. Should reconsideration or the Parties' attempt to secure Court approval of a renegotiated settlement be denied, the case will proceed as if no settlement had been attempted, the Administrator will return the entire Gross Settlement Amount to Prospect, this Agreement and the circumstances leading to it will not be admissible as evidence in the Litigation, and Prospect will retain the right to contest the Litigation in all respects. In such a case, the Parties will negotiate and submit for Court approval a revised case management schedule, and the Parties shall be returned to their litigation positions as of June 25, 2020) (*i.e.*, the date on which they reached a settlement in principle).

**3.     SETTLEMENT TERMS**

3.1     **Settlement Payment.** Prospect agrees to pay the Gross Settlement Amount of One Million Nine Hundred Thousand Dollars ($1,900,000.00), which shall fully resolve and satisfy: (a) any Court-approved attorneys' fees and costs; (b) all settlement amounts to be paid to Class Members; (c) any Court-approved Service Awards to the Named Plaintiffs; and (d) any fees and costs related to the administration of the settlement by the Administrator.  Other than its share of employer payroll taxes, Prospect will not be required to pay more than One Million Nine Hundred Thousand Dollars ($1,900,000.00) under the terms of this Agreement. Within thirty (30) days of Court approval of the settlement, Prospect shall transfer the Gross Settlement Amount to the Administrator for distribution consistent with the terms of this Agreement.  As soon as practicable after the Effective Date, the Administrator will distribute the Gross Settlement Amount by making the following payments:

3.2     **Administrator's Fees and Costs.**

3.2.1     Approximately $7,800.00 of the Gross Settlement Amount shall be set aside and retained by the Administrator as compensation for all fees and expenses associated with the administration of this Settlement.  Prospect shall not be liable to the Administrator for any fees or expenses in excess of this amount.

3.2.2     The substance of Class Counsel's application for payment of the Administrator's fees and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any proceeding related to Class Counsel's application for payment of the Administrator's fees and costs shall not terminate this Agreement or otherwise affect the Court's Approval of the Settlement and dismissal of the Litigation with prejudice.  Any money requested for Administrator fees and costs that is not approved by the Court shall become part of the Net Settlement Fund.

3.3     **Attorneys' Fees and Costs.**

3.3.1     Class Counsel will petition the Court for an attorneys' fee of $665,000.00 (35% of the Gross Settlement Amount) plus reimbursement for their actual, then-current litigation costs. Prospect shall not oppose such application. The Administrator will pay the Court-approved attorneys' fee and cost payment to Class Counsel promptly upon receipt of these amounts from Prospect.  After payment of the Court-approved attorneys' fees award and costs, Prospect shall have no additional liability for Class Counsel's attorneys' fees and costs.

3.3.2     The substance of Class Counsel's application for attorneys' fees and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's Approval of the Settlement and dismissal of the Litigation with prejudice.  Any money requested for attorneys' fees, or costs that is not approved by the Court shall become part of the Net Settlement Fund.

3.4     **Service Awards to Named Plaintiffs.**

3.4.1   Class Counsel will petition the Court to award $30,000.00 in Service Awards to Named Plaintiffs Nancy Gauzza and Melissa McCloskey in equal payments of $15,000.00 each in addition to the damage payments due under this Agreement, but in no event shall the Service Awards result in Prospect paying anything more than the Gross Settlement Amount.   Prospect shall not oppose such application. The Administrator will pay the Service Awards to Named Plaintiffs promptly upon receipt of these amounts from Prospect.  After payment of the Court-approved Service Awards, Prospect shall have no additional liability for Service Awards to Named Plaintiffs.

3.4.2   The application for Service Awards is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of the Court's ruling on the application for Service Awards will not terminate this Agreement or otherwise affect the Court's Approval of the Settlement and dismissal of the Litigation with prejudice. If the Court denies all or any Service Awards for any reason, these funds shall revert back to the Net Settlement Fund for calculation of each Class Members' claim amounts.

3.5   **Allocation of Net Settlement Fund to Class Members.**

3.5.1   All funds remaining after deductions for Administrator's Fees and Costs, Attorneys' Fees and Costs, and Service Awards to Named Plaintiffs will constitute the Net Settlement Fund for distribution to the Class Members. All Class Members will receive a *pro rata* share of the Net Settlement Fund, allocated based on the number of weeks that they worked during the Relevant Time Period as determined by the Administrator.

3.5.2   The Administrator will mail Settlement Checks and Settlement Notices to the Class Members.  The Class Members will have 120 days from the mailing date to endorse and cash their Settlement Checks (the "Acceptance Period"). Class Members will be informed of the Acceptance Period on the Settlement Checks. If any Class Members do not cash their checks within 120 days, their Settlement Checks will be void and a stop-payment will be placed.  In such event, those Class Members will be deemed to have waived irrevocably any right in or claim to a settlement share, but this Agreement nevertheless will be binding upon them.

3.5.3   Any residual amounts remaining in the Net Settlement Fund after all payments have been made under this Agreement shall revert to Prospect after a 30-day period in which the residual funds will be available to resolve disputed or unexpected claims.  Any costs associated with administering any residual or additional payments (*e.g.,* bank stop pay charges) will be deducted from the residual amount.

3.6   **Tax Characterization of Settlement Payments.**

3.6.1   Payments of attorneys' fees and costs pursuant to Section 3.3 of this Agreement shall be made without withholding. Plaintiffs' Counsel and the Named Plaintiffs will receive a Form 1099 for this payment.

3.6.2   Payment of the Administrator's fees and costs pursuant to Section 3.2 of this Agreement shall be made without withholding. The Administrator will receive a Form 1099 for this payment.

3.6.3    The Named Plaintiffs' Service Awards pursuant to Section 3.4 of this Agreement shall not be deemed to be wages and shall be made without withholding. The Named Plaintiffs will receive a Form 1099 for these payments.

3.6.4    Settlement payments to the Class Members from the Net Settlement Fund shall be treated as follows: 50% will be treated as back-wage payments and/or wage income for which W-2 forms shall be issued, and 50% will be treated as liquidated damages, for which 1099 forms shall be issued.

3.6.5    Settlement payments treated as back-wages shall be made net of all applicable employment taxes including, without limitation, all applicable federal, state, and local income tax withholding, and shall be reported to the Internal Revenue Service and the payee on IRS Forms W-2. Prospect shall be responsible for all applicable employer tax contributions associated with such back-wage payments.

3.6.6    The Plaintiffs and Class Members acknowledge and agree that they are solely responsible for all taxes, interest, and penalties due with respect to any payments received pursuant to this Agreement (other than employer taxes). The Named Plaintiffs and Class Members further acknowledge and agree that they have not relied upon any tax advice from Prospect, but are relying on their own judgment and advice of their own counsel in this matter.

3.6.7    The Administrator shall be responsible for making all tax related calculations required with the payout of the Net Settlement Fund and reporting to the Internal Revenue Service (and state and local taxing authorities, where applicable) all payments made pursuant to this Agreement.

3.6.8    The Plaintiffs and Class Members agree to hold Releasees harmless to the full extent of any such liabilities, payments, or costs, including taxes, interest, penalties, and attorneys' fees which may be assessed against or incurred by Releasees in connection with any payment made to or on behalf of any Plaintiff or Class Member hereunder. The Plaintiffs and Class Members further agree that should any tax liability arise or accrue to any Plaintiff or Class Member under local, state, or federal tax law as a result of any payments made under this Agreement, the Plaintiff and/or Class Member will pay any and all such obligations without seeking indemnity or reimbursement from Releasees, or any increase in his or her Service Payment or allocation of the Net Settlement Fund.

## 4.    RELEASE

4.1    **Release of Claims by Settlement Class Members.** By participating in the settlement, the Named Plaintiffs and Class Members accept the following Release:

I acknowledge that, under the terms of the Consent Form I executed in the case captioned *Gauzza. v. Prospect Medical Holdings, Inc., et al.*, United States District Court for the Eastern District of Pennsylvania Case No. 17-cv-3599, that I am bound by the Settlement Agreement negotiated by Class Counsel.  I waive, release, and forever discharge any claim that I have or may have from the date three years prior to the date that I opted-in to this Litigation through the date that the Court approved the settlement against Prospect Medical Holdings Inc., Delaware County Memorial Hospital LLC, and their respective past and

present affiliates and related entities, parent and subsidiary corporations (including but not limited to Prospect Crozer LLC, Prospect CCMC, LLC, Prospect DCMH, LLC, Prospect ECHN, LLC, Prospect Rockville Hospital, Inc., Prospect Manchester Hospital, Inc., Prospect Waterbury, Inc., Prospect EOGH, Inc., and Nix Hospitals System, LLC), divisions, predecessors, successors, and assigns, and each of its or their past and present officers, directors, trustees, fiduciaries, insurers, owners, investors, attorneys, administrators, employees, agents, representatives and shareholders in their individual and official capacities (collectively, the "Releasees"), whether known or unknown, as asserted in this Litigation or that could have been asserted in this Litigation under the Fair Labor Standards Act and the Pennsylvania Minimum Wage Act, based on the allegations in the Complaint, including any claims for the nonpayment or underpayment of wages and overtime compensation under any federal, state, or local wage and hour laws such as the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, and any and all rules and regulations issued thereunder through the date on which the Court grants approval of the settlement. This release includes all claims for damages arising from any such released claims including claims for liquidated damages, penalties, interest, attorneys' fees, expenses, and costs related to such claims.

4.2     The Administrator will print the following limited endorsement incorporating these terms on the reverse of all Settlement Checks:

FINAL RELEASE OF CLAIMS

I understand that I have 120 days to deposit this check or it will be void.  By depositing this check, I agree to the Release of Claims in the Settlement Agreement in the matter *Gauzza. v. Prospect Medical Holdings, Inc*., in the U.S. District Court for the Eastern District of Pennsylvania, Case No. 17-cv-3599, and release all claims under the Fair Labor Standards Act, the wage and hour laws of Pennsylvania and all similar wage and hour, wage payment, and common law based claims, whether known or unknown, and am enjoined from pursuing any released claims against Defendants.  I have been given an opportunity to review the Settlement Agreement in this matter.

4.3     **Effect of Receiving a Settlement Check**. All Plaintiffs and Class Members who receive a Settlement Check shall be permanently barred and restrained from bringing, commencing, joining, prosecuting, or asserting any and all released claims incurred in connection with the Class Member's employment with Prospect against any of the Releasees in any forum. The Named Plaintiffs and the Class Members further represent and covenant that they will not join in any such action brought by another individual.

4.4     **Release of Claims by Named Plaintiffs.** Upon the date the Court approves the settlement, Named Plaintiffs, for themselves, their successors, assigns, agents, executors, heirs, and personal representatives, voluntarily and with the advice of counsel, will waive and release any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against Releasees of whatever kind and nature, whether in law or equity, whether sounding in tort, contract, federal, state, and/or local law, statute, ordinance, regulation, or common law, whether known or unknown, including all claims arising from or relating to any and all acts, events, or

omissions occurring prior to the date they sign this Agreement, including, but not limited to, all claims which relate in any way to their employment with any and all of the Releasees.

4.5    **Representations and Warranties by Named Plaintiffs.** By signing this Agreement, the Named Plaintiffs each acknowledge and agree that:

4.5.1    She has been afforded a reasonable and sufficient period of time for review, for deliberation thereon and for negotiation of the terms thereof, and has been specifically urged by Prospect to consult with legal counsel or a representative of her choice, has had the opportunity to do so and has, in fact, done so by consulting with the Plaintiffs' Counsel, her attorneys of record;

4.5.2    She has read and understands the terms of this Agreement, all of which have been fully explained to her;

4.5.3    She has signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged in this Agreement;

4.5.4    The only consideration for signing this Agreement are the terms stated and no other promise, agreement or representation of any kind has been made by any person or entity whatsoever to cause her to sign this Agreement; and

4.5.5    She has not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation.

4.6    **Release of Fees and Costs for Settled Matters by Class Counsel.** Class Counsel on behalf of the Class Members, hereby irrevocably and unconditionally releases, acquits, and forever discharges any claim that it may have against the Releasees for attorneys' fees or costs associated with Class Counsel's representation of the Class Members. Class Counsel further understands and agrees that any fee payment approved by the Court will be the full, final and complete payment of all attorneys' fees and costs associated with Class Counsel's representation in the Litigation.

## 5.    VOIDING THE AGREEMENT

5.1    If the Court rejects the Settlement and/or this Agreement, fails to approve and enter the Approval Order in substantially the form submitted by the Parties, or fails to enter a final judgment, unless the Parties agree in writing, this Agreement shall be null and void, and Prospect shall have no obligations to make any payments under the Settlement or this Agreement.

5.2    Unless the Parties agree in writing otherwise, in the event that the Agreement is not approved by the Court or the Settlement set forth in the Settlement Agreement is revoked, terminated, cancelled, declared void or fails to become effective in accordance with its terms, or if there is no Approval Order, the Parties shall resume the Action at that time as if no Agreement had been entered. In such event, the terms and provisions of the Agreement, and the approval of any settlement class for purposes of implementing this Settlement, shall have no further force and effect with respect to the Parties and shall not be used in this Action or in any other proceeding for

any purpose, and any judgment or order entered by the Court in accordance with the terms of the Agreement (including without limitation any order certifying the case or any part of the case as a class or collective action for settlement purposes) shall be treated as vacated *nunc pro tunc*.

6.      **CONFIDENTIALITY**.

        The Parties and their counsel agree that, pending Court approval of the settlement, this Settlement will remain confidential and will not be disclosed to any third party other than the Administrator. Thereafter, Named Plaintiffs and Class Counsel will refrain from making any public statements (including, but not limited to, press releases and social media posts) regarding the Settlement. Named Plaintiffs and Class Counsel also will not initiate any contacts with the news media and third parties on social media or otherwise regarding the underlying facts alleged in the Complaint nor the Settlement, nor respond substantively to any news media or third party contact regarding the underlying facts alleged in the Complaint nor the Settlement beyond indicating only that the matter has been resolved.

7.      **NO ADMISSION OF LIABILITY.**

        Releasees vigorously deny liability and have agreed to the terms of settlement without, in any way, acknowledging any fault or liability, and with the understanding that terms have been reached because this settlement will: (i) provide substantial benefits the Releasees, (ii) avoid the further expense and disruption of Prospect's business due to the pendency and expense of litigation, and (iii) put the claims in the Litigation finally to rest. Nothing in this Agreement shall be deemed or used as an admission of liability by the Releasees or as an admission that a class should be certified for any purpose other than settlement purposes.  No findings with respect to any claim or allegation will be made by the Court as part of the approval process.  Moreover, the Final Approval Order and the Notices will state that Court has not found liability or any wrongdoing with respect to the allegations and claims in the Complaint.

8.      **INTERPRETATION AND ENFORCEMENT**

        8.1      **Authority.**  The signatories hereto hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties hereto to the terms and conditions hereof.

        8.2      **Duty to Defend.** The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each Party, upon the request of any other Party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

        8.3      **Duty of Good Faith Performance.**  The Parties and their counsel agree not to take any actions that would interfere with the performance of this Agreement.

        8.4      **No Assignment.** Class Counsel and Plaintiffs, on behalf of the individual Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

12

8.5     **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter and terms stated, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

8.6     **Binding Effect.** This Agreement shall be binding upon the Parties, once approved by the Court and, with respect to the Named Plaintiffs and all Class Members.

8.7     **Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

8.8     **Captions.** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

8.9     **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

8.10    **Severability.** If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

8.11    **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Pennsylvania without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth in this Agreement, in which case such federal law shall govern.

8.12    **Continuing Jurisdiction.** The Court shall retain exclusive jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

8.13    **Waivers, Modifications, or Amendments to Be in Writing.**   No waiver, modification, or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

8.14    <u>**Notice**</u>.   Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and sent to the following individual(s):

DocuSign Envelope ID: 31CD963B-839C-49CE-9EAC-AD84932E56C9

To Plaintiffs and the Settlement Class:

James B. Zouras
STEPHAN ZOURAS, LLP
100 North Riverside Plaza
Suite 2150
Chicago, IL 60606
Fax:  312-233-1560
Email:  JZouras@stephanzouras.com

To Defendants:

Jeffrey R. Vlasek
Baker Hostetler LLP
Key Tower, 12 Public Square, Suite 2000
Cleveland, OH 44114
Telephone: 216-861-7421
Fax: 216-696-0740
Email: jvlasek@bakerlaw.com

8.15    **Counterparts.** The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

8.16    **Facsimile and Email Signatures.** Any Party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or email.

Date: ___8/20/2020_____

DocuSigned by:
_91C621F6705948A..._
Nancy Gauzza

Date: ___8/21/2020_____

DocuSigned by:
_32E365AA4A72413..._
Melissa McCloskey

Date: ___8/19/2020_____

DocuSigned by:
_FE28C86B0D2246F..._
By: James B. Zouras, Esq.
For: STEPHEN ZOURAS LLP
*Class Counsel*

Date:  8/19/2020

Prospect Medical Holdings, Inc.
By: Sam Lee
Its: ceo

Date:  8/20/2020

Prospect DCMH, LLC
By: Peter Adamo
Its: CEO

15

Exhibit A

| FIRST NAME | LAST NAME |
| --- | --- |
| AARON | ROMAIN |
| AARONETTA | BOLER |
| ABI | WADA |
| AIDA | SANEGHI |
| AILEEN | KELLY |
| ALAN | DANG |
| ALEESHA | JACOBSON (COBBS) |
| ALEJANDRA | REYNA-BLAZQUEZ |
| ALEMA | HUGHES |
| ALEXANDRA | LOPEZ |
| ALEXANDRIA | VISCOSI |
| ALEXIS | FLOREZ |
| ALICE | MISERO |
| ALICE | ONZERE |
| ALICE | PARLANGELI |
| ALICE | ROCHESTER |
| ALICIA | MORGAN |
| ALISON | MARCY |
| AL-JATHIYAH N. | MUHAMMAD |
| ALLEN | BRUNO |
| ALLISON | DICAMILLO |
| AMANDA | BIELSKI |
| AMANDA | GUTIERREZ |
| AMY | CULLINAN |
| AMY | SCHREIBER |
| ANDRE | BIOS |
| ANDREA | CARR |
| ANDREA | CATRAMBONE |
| ANDREA | PAPA |
| ANDREA | TAYLOR |
| ANGELA | JACKSON |
| ANGELA | MCGILL |
| ANGELA | NEOPOLITANO |
| ANGELENE | OLIVER-FAIRBANKS |
| ANGELICA | CANNON |
| ANGELA | THOMAS |
| ANGLE | SCOTT |
| ANN | BASDEN |
| ANN | GILHOOL |
| ANN | O'DONNELL |
| ANNA | VERITY |
| ANNE | DOLAN |
| ANNE | FINLEY |
| ANNE | JEAVONS |
| ANNE MARIE | VILELLO |
| ANNETTE | LUGO |

| ANNUNCIATA | CHIEKE |
| --- | --- |
| ANTHONY | TIEMANN |
| ANTHONY | TORELLI |
| ANTOINETTE | PIERRE |
| APRIL | KNARR |
| ASHLEY | BUCK |
| ASHLEY | CAPUZZI |
| ASHLEY | CORCORAN |
| AUDREY | LUTRARIO |
| AUGUSTO | SOUSA |
| BAHIR | GOSA |
| BARBARA | GREEN |
| BARBARA | HALE |
| BARBARA | REINECK |
| BARBARA | SPINOSA |
| BARBARA | KELLETT |
| BARBARA | MOORS |
| BEVERLY | BOYD |
| BEVERLY | KELLY |
| BEVERLY | MULLIGAN |
| BEVERLY | RELYEA |
| BLAIR | BARABONA |
| BLYTHE | LEITZ |
| BRIAN | DONNELLY |
| BRIDGET | MARTINO (FRIEL) |
| BRIGID | MCDERMOTT |
| BRITTANY | BANES |
| BRITTANY | GAVIN |
| BROOKE | CARROLL |
| BRUCE | HUTCHINS |
| BRYANT | MILLER |
| BRYHEEM | CUNNINGHAM |
| CARISSA | NELSON |
| CARLI | HOLT |
| CARLSTROM | MASOUMEH |
| CARMELLA | CARSON |
| CARMON | PORTER |
| CAROL | DOLPHIN |
| CAROL | MISSAN |
| CAROLE | PLACIDO |
| CAROLE | WILSON |
| CAROLYN | CHILA |
| CARRIE | HELMS |
| CASETTA | HURDE |
| CATHERINE | ERICKSON |
| CESAR | VARGAS |
| CHARLES | BAROZI |

| | |
|---|---|
| CHAUNTAE | GANDY |
| CHERYL | FINK |
| CHERYL D. | CLUNIS |
| CHRISTINA | CANZANESE |
| CHRISTINA | CONWAY |
| CHRISTINA | JOHNSON |
| CHRISTINA | LINDSLEY |
| CHRISTINE | CIPRIANI (ZARRELLA) |
| CHRISTINE | GORSOP |
| CHRISTINE | KACALA |
| CHRISTINE | KLEBAN |
| CHRISTINE | NOPHUT |
| CHRISTINE | SCHIED |
| CHRISTOPHER | CZERPAK |
| CINDERELLA | DALEY |
| COLEEN | LAMBERT |
| COLLEEN | FORD |
| COLLEEN | PATTERSON |
| COLLEEN | PEDEN |
| COLLEEN | SPAVENTA |
| CONNIE | FRANCIS-SHAPANSKY |
| CONTANCE | STEVENSON |
| | |
| CORA | MCDOUGAL-ANDERSON |
| COURTNEY | BRANCO |
| COURTNEY | BRETON |
| CHRISTINA | COOKS |
| CRYSTAL | CONTRADY |
| CRYSTAL | GRASTY |
| CYNTHIA | BABIAK |
| CYNTHIA | CURRY |
| CYNTHIA | GRAHAM-FLOYD |
| CYNTHIA | LAZARO |
| CYNTHIA | MCALINNEY |
| DANA | FANELLI |
| DANA | SGRO |
| DANAE | WALSH |
| DANIEL | RAKUS |
| DANIELLE | DAVIS |
| DAPHNE | SCOTT |
| DARLENE | BANNISTER |
| DARLENE | FEDERICO |
| DARLENE | MONACO |
| DARRYL | RYLES |
| DAVID | ROSE |
| DAVID | SENGHRAS |
| DAVIDA | ROBHINSON |

| DAWN | BARNARD |
| DAWN | CUTRUFELLO |
| DAWN | WOODLAND |
| DAWN | WOYTON |
| DEANNA | MACON |
| DEBORAH | HOULIHAN |
| DEBORAH | JUERGENS |
| DEBORAH | LEONE |
| DEBORAH | MAGUIRE |
| DEBORAH | MCDERMOTT |
| DEBORAH | MOORE |
| DEBORAH | OGBORNE |
| DEBORAH | PORTONE |
| DEBORAH | SHILES |
| DEENAW | PATTERSON |
| DEIDRE | LAWSON |
| DELORES | GREENWOOD |
| DENISE | CROWLEY |
| DENISE | KELLY |
| DENISE | O'REILLY |
| DEVYN | KEELER |
| DIANA | DIMATTIA |
| DIANE | FEDON |
| DIANE | LAMBERT |
| DIANE | LEIBA |
| DIANE | MCGRUDER |
| DIANE | NEARY |
| DINA | MAFFEI |
| DINA | OLIVER |
| DINA | MALONEY |
| DOLORES | ROBERTSON |
| DOLORES | SMYTH |
| DONALD | WEBB |
| DONNA | CARDEN |
| DONNA | HART |
| DONNA | LYNCH |
| DONNA LYNN | GLISSON |
| DONNA MARIE | MCCANE |
| DORIANN | MOORE-SMITH |
| DORIS ANNA | LAQUE |
| DOROTHY | BROMFIELD |
| DOROTHY | THOMAS |
| EBONY | SMOAK |
| EDITH ELLISON | GRIFFIN |
| EDWARD | TOMASSETTI |
| EFUA | OSEI-AKOTO |
| EILEEN | MORAN |

| ELAINE | EURY |
| ELAINE | LAUDENSLAGER |
| ELAINE | STANISLOW |
| ELAYNE | DAY |
| ELIZABETH | BILSKI |
| ELIZABETH | LEVITE |
| ELLAH | GWANYANYA |
| ELLEN | ROY |
| ELLEN B | HORWITZ |
| ERICA | PIAZZA |
| ERIN E | MENG |
| ERIN M | MACHESKI |
| ERIN M | MCKENNEY |
| ERYKA | JACKSON |
| ESTEPHANY | ABEDEJOS |
| EVADNEY | WHITE |
| FELICIA V. | GOLDSBOROUGH |
| FRANCES | WINCKLER |
| FRANCINE | SANCHEZ |
| FRANK J | MILLER |
| FRED L | BROWN |
| GABRIELLA | ZUNDT |
| GERALDINE F | GRABOWSKI |
| GINA D | RICCITELLI |
| H.J. VERONICA | SOUTHBY |
| HAKEEM | SHOMUYIWA |
| HEATHER | HELENIAK |
| HEATHER A | CASTRO |
| HEATHER C | SINKINSON |
| HIROKO | GILBERT |
| HOPE | DYER |
| HUDNELL | JACQUELINE |
| IDA MAE | MORRIS |
| IKEYIA | CARTER |
| JACKIE | SPENCER-JACKSON |
| JACQUELINE A | HURD-GRAY |
| JACQUELYN M | MADDEN |
| JAKIA | DENNIS |
| JAMES J | HENSLEY |
| JAMES P | ESTEL |
| JAMES WILLIAM | GILSON |
| JAMIE | RHOADS |
| JAMIE | RHOADS 2ND DOE |
| JAMIE L | DAMICO |
| JANAE | MCKINNEY |
| JANE | MACKINNON |
| JANE ANN | CROSS |

| | |
|---|---|
| JANET | MOWRY |
| JANET L | KANE |
| JANET L | KARKENNY |
| JANICE L | HALD |
| JANINE Y | PAVESE |
| JASMYNE | LACROIX |
| JASON | CONTRERAS |
| JEAN | NEPA |
| JEAN CLAUDE | FLEURANT |
| JEANNE | PERCY-RIVERA |
| JEANNE E | SLAVIN |
| JEI SOOK | PARK |
| JENILLE | FRANK |
| JENNIFER A (JOSEZA) | PENNEWILL |
| JENNIFER E | YOUNG MURRAY |
| JERREL P | FLUELLEN-GILES |
| JERRY | BAKER JR. |
| JESSICA | TREVINO |
| JESSICA A | KAUFMANN |
| JILL | O'CONNOR |
| JILL | PROFESSORI |
| JO ELDA | FLORES |
| JOAN | MCCAFFREY |
| JOAN K | ZEKONIS |
| JOANN | FEENEY |
| JOANNA | MAZEPINK |
| JOANNE | BESDEN |
| JOANNE | KURZEKNABE |
| JOANNE | ROMA |
| JOANNE H | LAUDEMAN |
| JODI | O'NEILL |
| JOELLEN | BROSKA |
| JOHN A | AMALFITANO |
| JOHN C | OLSHEFSKI |
| JOHN J | HAMMOND |
| JOHNETTA MK | JORDAN |
| JOHNNA O | RILEY |
| JOHNNA O. | SNEED |
| JONATHAN L | LIEBLEIN |
| JOSE | SANTOS |
| JOSEPH M | KOROMA |
| JOSHUA J | APONTE |
| JOYCE A | JANISZEWSKI |
| JOYCE C | KONOPELSKI |
| JUDITH ANN | DITOMO |
| JUDY | KENDRA |

| | |
|---|---|
| JULIE L | GRICCO |
| JULIET | ROBINSON |
| JUNE ELIZABETH | STOKES |
| JUSTIN A. | WHATLEY |
| JUSTIN D | STAHL |
| KADYIJA | LAWRENCE |
| KAITLIN | GREEN |
| KAMILA | WHITE |
| KAREN D | MILLER |
| KAREN E | DELANGE |
| KAREN L | MAURER |
| KAREN M | ANGIOLILLO |
| KAREN M | FLAHERTY |
| KAREN M | KELLY |
| KAREN S | ANGSTADT |
| KARIN | BULLOCK |
| KATARZYNA | WUJEC |
| KATE | MCGILL |
| KATHARINE BRITT | EPPEHIMER |
| KATHERINE E | JOHNSEN |
| KATHLEEN | BROWN |
| KATHLEEN | CONLEY |
| KATHLEEN | DAVIS |
| KATHLEEN | INNES |
| KATHLEEN | KEENAN |
| KATHLEEN | MCCANDLESS |
| KATHLEEN | TARANTELLA-HAY |
| KATHLEEN A | GURER |
| KATHLEEN C | FETSICK |
| KATHLEEN M | ALFE |
| KATHLEEN M | COTRUFELLO |
| KATHLEEN M | MITNICK |
| KATHLEEN M | RAFFA |
| KATHLEEN M | STEWART |
| KATHRYN | LILLY |
| KATHRYN ANNE | DONEY |
| KATHY L | NOAKES |
| KATHY L | NOAKES 2ND DOE |
| KATILYN | ROCCO-BROWN |
| KATRINA M | CAROTENUTI |
| KEITH | TROSELL |
| KELLIANNE | ECKERT |
| KELLY | ELLIS |
| KENISHA I | HOOD |
| KERRI | VELTRE |
| KHADIJAH | ABDUL-ALLAH |
| KIJANA S | JACKSON |

| KIM | STOCKTON |
|---|---|
| KIMBERLEY A | WESOLOWSKI |
| KIMBERLY | BROUNCE |
| KIMBERLY | GAINES |
| KIMBERLY | MAIETTA |
| KIMBERLY A | KARWOSKI |
| KIMBERLY A | KLINE |
| KIMBERLY B | TIEGS |
| KRISTI A. | CAMPBELL (HORN) |
| KRISTINA | MOZZONE |
| KYLE R | O'MALLEY |
| LANEE C | SIMMONS |
| LAQUON | GIBBS |
| LATINNA | HOLT |
| LATISHIA | SANFORD-WHITE |
| LATOYA R | HENRY |
| LAURA | KUPSEY |
| LAURA | LAMBERT |
| LAURA R | FANELLI |
| LAURA T | THOMAS |
| LAUREN | DUPONT |
| LAURIE | ST. LAURENT |
| LEAH L | ELLIOTT |
| LELA | EISERMAN |
| LERON | HUTCHINSON |
| LESA K | LOPEZ |
| LESLIE | STONE |
| LESLIE E | HEYGOOD |
| LILIANA | DACOSTA-ALVES |
| LILLIAN | CORCORAN |
| LINDA | BRIGHT |
| LINDA | HAYNES |
| LINDA A | KANATE |
| LINDA H | IVKER |
| LINDA H | WARREN |
| LINDA R | GUIDONE |
| LINDSAY | BEISEL |
| LISA | MURRAY |
| LISA K | SCIULLI |
| LISA M | MILLER |
| LISA M | PARELLA |
| LISA R | OLEJNICZAK |
| LISABETH A | SWORDS |
| LISA | HARTNEY |
| LORI | CONRAD |
| LORI A | MANCUSO |
| LOUIS A | DIDONATO |

| | |
|---|---|
| LUCIA | BRANIN |
| LYNIE | DOURA |
| LYNNE | RELYEA |
| LYNNE M | HALEY |
| MAKSUDUL | CHOWDHURY |
| MARCELLA | WILLS |
| MARCUS E | HOWARD |
| MARGARET | CHASE |
| MARGARET | MALONE |
| MARGARET | MCKEOWN |
| MARGARET A | BRENNAN |
| MARGARET A | WATERS |
| MARGARET T | LAUDADIO |
| MARIA | HAMZA |
| MARIANNE | KUPCHICK |
| MARIE | ROMA |
| MARIE A | STONEHILL |
| MARIKATE | WILLIAMS |
| MARION | GOODE |
| MARION | WOODHOUSE |
| MARITA R | GEREZ |
| MARITZA | FELICIANO |
| MARK | MCGUIRE |
| MARK C | JOHNSTON |
| MARLENE | DIFELICIANTONIO |
| MARSHA LYNN | DONEY |
| MARTINA | NWABUEZE |
| MARVIN E | ROGERS |
| MARY | BROWN-GARDNER |
| MARY | CECCO |
| MARY | MCBRIDE |
| MARY | PRALLE |
| MARY ANN | MITCHELL |
| MARY BETH | NELLING |
| MARY E | GROGAN |
| MARY F | KARR |
| MARY L | CAPARROS |
| MARY L | ST JOSEPH |
| MARY P | TRZECIAK |
| MARYJANE | DIANTONIO |
| MARY-JO | KERNAGHAN |
| MARYKAY B | FRENO |
| MARYLYNNE A | FRIEL |
| MAUREEN W | FOLTZ |
| MEGAN | ANGLIN |
| MEGAN | RUNNING |
| MELISSA A | REARDON |

| | |
|---|---|
| MELISSA A. | MCCLOSKEY |
| MELISSA E | BOYD |
| MELISSA M | PEREZ |
| MICHAEL | MARTINEZ |
| MICHAEL | ORTEGA |
| MICHAEL J | FOX |
| MICHAEL J | TOLAND |
| MICHAELLE M | RENNIX |
| MICHELE | MADDEN |
| MICHELE L | VITALE |
| MICHELLE | LEON |
| MICHELLE | MARCANTUNO |
| MICHELLE | MORGAN |
| MICHELLE D | WRIGHT |
| MICHELLE L | MCCALLA |
| MONIKA | HILL |
| MONIQUE | LOONEY |
| NAKIESHA S | RICKS |
| NALIAH | EDEN |
| NANCI L | NEFF |
| NANCY | GAUZZA |
| NANCY | TINKLEPAUGH |
| NATALIE | GAULIN |
| NATALIE | MITCHELL |
| NATASHA | LOCKETT |
| NICOLE | JETTER |
| NICOLE | LIVINGSTON |
| NICOLE | WHITE |
| NICOLE E | MILLS |
| NICOLE M | PIKE |
| NITASHA L | DANIELS |
| NOREEN E | RUDDY |
| NORMAN | FRANCOEUR |
| PAIGE | LUVERNE |
| PAIGE L | JACKSON |
| PAMELA | DESROSIERS |
| PAMELA A | REAVES |
| PAMELA J | ATKINS |
| PAMELA Y | BARNES |
| PAT | MURRAY |
| PATRICIA | BAIN |
| PATRICIA | BERNERO |
| PATRICIA | GLENN |
| PATRICIA | MALDONADO |
| PATRICIA | WHEELER |
| PATRICIA A | CLEMENS |
| PATRICIA A | SLOSKEY |

| | |
|---|---|
| PATRICIA A | WALL |
| PATRICIA M | SALVATO |
| PATRICIA R | FRANCIS |
| PATRICK W | FALLON |
| PAUL H | LEVIN |
| PAULINE E | TILSON |
| PAULYN E | BEGGARLY |
| PEARL | FALKENBERG |
| PETER J | DIGIOVANNI |
| PRIMA A | DUPERVAL |
| QUEEN ESTHER | CAMPBELL |
| REBECCA | HARRINGTON |
| REBECCA | HUBERT |
| REBECCA | KRAPF |
| REBECCA | RAY |
| REBECCA | THOMAS |
| REGINA C | SCHULTZ |
| REGINA M | CURRAN |
| RENATA LOUISE | WEST |
| RENEE | BAIR |
| RENEE | KEMPF |
| RENEE | WIGGINS |
| RENEE E | CASSIDY |
| ROBERT | COWART II |
| ROBERT | FIDA |
| ROBINANN V | BASCIANO |
| ROBYN | RHODES |
| RODNEISHA S | KENDRICK |
| RODNEY | KELLAM |
| ROMONA | BARNES |
| RONNISHA D | WILLIAMS |
| ROSA | LUCERO |
| ROSALIND | BROWN |
| ROSANNE | NEAL |
| ROSEMARIE | AGOSTINI |
| ROSEMARIE | ROCCHIO-CUFF |
| ROSSETTA | GAYLE-MILLER |
| ROY | DE LOS SANTOS JR. |
| RUTH V | RALPH |
| SAKINAH M | KIDD |
| SAMIYA | HEYWARD |
| SANDIE | VINCENT |
| SANDRA | MCKEOWN |
| SANG | YIM |
| SEAN | WRAIGHT |
| SEKINA O | JIMOH |
| SHAINA | CARR |

| | |
|---|---|
| SHAKEELAH A | PATTERSON |
| SHAKYRA M | MCCANT |
| SHALAYA S | BOWMAN |
| SHAMIRAH O | MUNN |
| SHANIKA | WORKMAN |
| SHANNA M | COLLIER |
| SHANNON | JOHNSON |
| SHANNON T | HANSHAW |
| SHANYA | ROBINSON |
| SHARON | PRYJMACZUK |
| SHARON E. | DORAZIO |
| SHARON L | BYRNES |
| SHARON L | CLEMENTS |
| SHAYQUANA | ABRAMS |
| SHEILA D | DAVIS |
| SHEILA D. | LEWIS-WATTS |
| SHELBY T | KANE |
| SHELTON A | EMMENS |
| SHENELLE C | MITCHELL |
| SHENEQUA N | SMALLS |
| SHERYL | WEERSING |
| SHERYL J | GITTLEMAN |
| SOILA | DELGADO (DUARTE) |
| SONJA | FISCHER |
| SONJA | TRADER |
| SONTAE | MITCHELL |
| STEPHANIE | SPRAGUE |
| STEPHANIE S | TRUITT |
| STEVE | ALEXANDER |
| STEVEN A | DAVIS |
| STEVEN M | FITZGERALD |
| SUCHITHRA | RENJITH |
| SUSAN | BURNS |
| SUSAN | GRASTY |
| SUSAN | SIMPSON |
| SUSAN A | HULL |
| SUSAN A | LEWIS |
| SUSAN E | RIDINGER |
| SUZANNE D | O'NEILL |
| TAANA C | LONDON |
| TAMISHA | CHRISTIANSEN |
| TANISHA | HAMILTON |
| TARA L | SAVAGE |
| TAYLOR N | HARPER |
| TERESA | DABNEY |
| TERESA | SIMMONS |
| TERESA B. | DEVLIN |

| | |
|---|---|
| TERESA M. | CHEW |
| TERRI | HEWITT |
| THERESA | GAUL |
| THERESA | JOHNSON |
| THOMAS | COMER |
| THOMAS P | FRIEL |
| TIFFANY D | WILLIS |
| TINA | HAUX |
| TINA | HUDSON |
| TONYA | REVELLE |
| TRACEY | SALTERS |
| TRACI A | DICAMILLO |
| TRACY L | CHIDESTER |
| TRINA | SMITH |
| TYRONE L | PORTER |
| VALERIE E | MYERS |
| VANESSA | PETROPOULOS |
| VERA | PEDROZA |
| VERONICA | KING |
| VICKI L | SHAW |
| VICTORIA A | FERRY |
| VIOLA | AYALA |
| VIRGINIA D | CHILDS |
| VIRGINIA M | GILFILLIAN |
| WENDY | EUBANKS |
| WENDY | PISARCIK |
| WENDY | THOMAS |
| WHITNEY R | HENRY |
| WINSOME T | JOSEPHS |
| WYTIKKI | BROWN |
| YVONNE A | STAFFORD-VIRGO |
| ZDENKA | SINDELROVA |